Good morning Your Honor, may it please the Court. Counsel. Jeff Johnson for Ms. Francis and Mr. Lee, Appellants. The District Court must be reversed because a prison is not required to provide free toothpaste to its inmates, no matter the circumstances. That is not the law in this circuit. You're going to have to speak more clearly. Yes, sir. That is not the law in this circuit, and that's evidenced by the fact that plaintiff has provided no precedence, so hold it. I can't follow. It's too fast and you're talking down my age, but you're going to have to get closer to the mic and look up. Yes, Your Honor. And speak more slowly. Or we might as well not be here. I said the District Court must be reversed because prisons are not required to provide free toothpaste to its inmates, no matter the circumstances. That is not the law in this circuit, as evidenced by plaintiff failing to point to any precedent that so holds. The three errors contributed to the District Court's denial of qualified immunity in this case. First, the District Court defined the right at too high a level of generality that is expressly forbidden by cases such as Ashdod v. Al-Kid and many others within this Court. Mr. Johnson, do you see this as a serious medical needs case or as a general conditions of confinement case? I see this more as a serious medical needs case, especially after the rest of the claims have all fallen off of the complaint because the District Court granted assembly judgment to other defendants and for Ms. Francis and Mr. Lee on all other accounts except as to this toothpaste denial claim. Well, if it's a serious medical needs case, I think you win rather easily, but it seems to me we also have to address whether it's a general conditions of confinement case. The State has conceded on page 11 of the brief that toothpaste is surely an essential hygiene item. And, of course, this Court has held that if you deprive an inmate of a minimal civilized measure of life's necessities, you can have an Eighth Amendment claim. And it seems to me it maybe fits better under a general conditions of confinement scenario. I would ask the Court to look to its other cases involving sort of general conditions of confinement. I think Howard v. Atkinson is a better case for that, where you have extreme conditions where the mattress is moldy and filthy and the inmate can't get clean. Those are sort of more connected to the conditions of confinement claims because it has to do with sort of the physical conditions of the prison, versus this, I think, fits more into the framework of, you know, he complained of two things. What was that case you just cited? I think it's Howard v. Atkinson. What is it? Howard v. Atkinson. Howard? Okay. I think the lower court cited it several times in the opinion, and it just sort of doesn't apply to this particular case, which is about whether or not under the prison's policy IAS 8-6.1, whether the prisoner qualified as being indigent due to the fact that in the words of many federal courts, and his own mother, that the plaintiff had filed frivolous legal cases, which is, and he has therefore put himself in debt and spent money that is owed to the inmate each month to help him pay for these items. So as I understand the policy, the state's not denying toothpaste to the plaintiff. They're just saying that we're going to give you an allowance, and you need to use that allowance to buy personal hygiene items. What if the situation, what if the policy was different and just said we don't provide soap or toothpaste at all? Would that be an Eighth Amendment claim? Could that be an Eighth Amendment claim? Potentially. You know, I think maybe I think the issue there would have to be that might fall under the conditions of confinement, but I think it would be much more to establish that for an Eighth Amendment claim in that sense, because the conditions of confinement still have to be cruel and unusual, right? So doesn't this really come down to whether or not there is sufficient allowance given to an inmate to both purchase basic hygiene items that would meet the minimal conditions of life's necessities, and at the same time, satisfy their constitutional right to access to the courts? No, I don't think so, in part because the plaintiff as master of his complaint has not pled that he is unable to access the courts. In fact, it's actually the exact opposite of a professional record. What it says is that he's accessed the courts probably too much, and the specifically the I.S. 8-6.1, the prison policy, what we're sort of waiting to get over is actually the exception, right? So he's never pled that it's unconstitutional, the policy itself? As far as I can tell, no. He's never directly challenged the policy, but what is shown at Appendix 56 and 58 is that all throughout the grievance process, the prison officials have been very clear that it's that he doesn't qualify for the exception for free toothpaste in addition to his leisure time pay, and so it's not only that the prison provides leisure time pay, right? So that he can file an inmate and avail himself of the courts, it's that he wants that plus he also wants, you know, to be able to have free toothpaste when he files frivolous claims. And what the policy says, the policy doesn't allow that, and that's found at Appendix 70, for your honors. It allows for... Yeah, you know, it's rather hard to take conditions of confinement precedence and translate or transfer them to this mixed pay, this idle pay policy. And what occurs to me as ironic and mystifying here is that the Myers case cited by the district court involved the same sort of pay allowance. And in Myers, the inmate, to his or her credit, spent the money on health care instead of lost because it couldn't... The suing part is access to the courts, and the plaintiff couldn't establish a deprivation of access. So now Mr. Thomas L., he's more clever. He's a more clever bird. He spends all his money on the courts, and then he comes in and says, I have to have my toothpaste. How does, how do the cases, how should the cases be analyzed to produce a sensible, coherent result? Well, I think that... How much... If he has a, if the inmate who chooses lawsuits rather than health, counting on the government to keep him from killing himself, what does he have to show comparable to what the Myers have to show in an access to the courts claim? Just looking at a couple of responses for you. So first, I would note for under this court's precedent, the earliest precedent controls, right? So what we have here is we have Blaise V. Fenn, right, where the court, Blaise, B-L-A-I-S-E, V-F-E-N-N, F-E-N-N, which was about the Iowa prison system that implemented sort of exactly this kind of system, right, where you're allowed... Are we talking about something that's cited in the brief? Yes, several times, Your Honor. But I can't, I can't hear the first, understand the first name. I apologize. Blaise... So I can't find it. It's Blaise, B-L-A-I-S-E. Blaise V. Fenn. Yes, Blaise V. Fenn. And that's where this court essentially approved where prisons can provide idle time paid for prisoners each month as an allowance for them to purchase hygiene items and to do other things like that. Okay. So we start with the premise in Blaise that this is constitutional, that this system works like this way. With any direction of bias, it would be humbling. But you know, okay, that's, so the system is not unconstitutional, not facially unconstitutional. But this particular prison decides, well, it might be reasonable to spend $20 a month on hygiene and $50 a month on your legal pursuits, but we're not going to give them $70 a month. We're going to give them $30 a month and let the inmates sort it out. How do we review that decision? Well, I think the difference... I bet you none of the cases involve that, except maybe Myers. I think the difference between Myers and the present case is that Myers was saying that the total sum of the allowance given each month was insufficient in total, right? That was the allegation. He said, you're not giving me a month, you're not giving me enough money each month to buy hygiene items and you're not providing enough for necessary legal expenses, right? And that's what the Myers court held. Myers court held, said that you have to provide enough money for necessary legal expenses. So this policy by the Missouri Department of Corrections says that... So how do we review enough? Is enough a federal constitutional requirement? And if so, what's the standard? Well, I think that goes actually to the point, to the second part of the qualified immunity problem, which is to be clearly established, right? Which is, do we know, is there a case that says that X number of dollars is not enough in this time period, right, as of the date of the violation? But importantly here, what we have is we have an undisputed record of the plaintiff filing frivolous legal claims and the courts rejecting them. And that is what's causing the deficiency in his account. So we don't even have to go off of what the prison says is frivolous. We can go off of what the district courts have said. Well, if we're looking at what other people have done in the past that's frivolous, what about the fact that there seems to be an emerging trend among the Eastern District of Missouri District Courts saying there's a toothpaste problem in the Missouri prison system. There's cases from 2014, 2013, 2019, 2020, and now Judge Limbaugh's case here. I mean, there seems to be a bunch of cases piling up here that, hey, there's a toothpaste problem. And prudentially, wouldn't somebody at some point say maybe we ought to address that? Jerry Erickson, to your critique, what I would say is that there certainly are a lot of frequent filers from the prison system that are making these claims. Yeah, but there have been cases where they've said that that's a problem. There's been three or four cases where the district court said there's a problem, right? They have certainly held that way. There's an easy remedy to the frivolous filer. Just separate the two and give a reasonable amount for hygiene. If he wants face cream instead of toothpaste, you know, that's a different issue. And then have a separate approach to the access to the courts problem because you can't deprive someone of reasonable access, but you can say we're not going to give you postage for your twelfth frivolous filing. And then defend that, and then we have a discreet constitutional issue to analyze. Well, I think the solution here is that we go down the line for what the court's precedent say for access to the courts, which is for necessary legal filings, which is what the Missouri Department of Corrections exception allows for. So if he had necessary legal filings, he would qualify as indigent if it was below. We aren't driven by what the Department of Corrections thinks the right answer is. Well, Your Honor, respectfully, this isn't actually the judgment of the Department of Corrections alone. It's also the judgment of multiple Article III judges who have said that these cases are frivolous, including the plaintiff's admission, Your Honor. Wait a minute. We see frivolous filing claims all the time, and the prisons in the Eighth Circuit at least don't do too badly in dealing with that, in not handing out all the postage and time and so forth that's required. But that doesn't mean you can say because this guy's a frivolous filer, he doesn't get any health hygiene money. It's not that he has his hygiene money, but it goes to the factors in Blase v. Finn, which is the system of providing for idle pay is for the theological interests of the prison to help them budget, to help rehabilitate prisoners in the process, and to help with inmate discipline. You know, we're not – we have no responsibility as to what's a sensible prison policy. We have to deal with claims that a particular prison policy violates constitutional rights, and that's all we care about. They can have all the policy they want until an inmate says, wait a minute. Yes, Your Honor, and I would note that the defendant himself has admitted in his deposition that he has done this to himself by filing frivolous legal cases. I think it's quoted as his frivolous habeas in his 1983s, I believe are the defendant's words. I see I basically don't have time for Your Honors. I would just note that we should go to the clearly established parlor to note that there is no case, and they have failed to cite any case going toward this, and that when asked for that, the only response that they have is the Scott v. Garber case, which is clearly an opposite for the reasons stated in the brief. I'd ask the Court to reverse, and if possible, a moment or two on her rebuttal. Good morning, Your Honors, and may it please the Court. My name is Tori Brunson, and I represent the appellee Mr. Thomas L. in this case. Appellant's position inherently asks this Court to condone the prison's determination that appellant... Let me, I want to get to the Myers distinction that I raised. Yes, Your Honor. What does your, what has your client done here that is, that is sufficient, that is comparable to the requirement in minors that the inmate who spends it on, who doesn't choose to spend it on legal fees, has to show a deprivation? Here we have, we have, your client chooses to bring lawsuits and, and trust the world to keep him healthy. What, what should he have to show? And, and maybe, maybe this is, maybe we're at too early a stage for that. Well, to try to answer the Court's question, um, now, um, Myers, um, basically said, as, as the Court, as Your Honor said, that, you know, you used up all your money on your health, so, you know, we have to look at your access to the courts, your right to the access to the courts, and you kind of misused your money, and so we're going to say that that's okay because you had it, and you could have used it more wisely. I think in this case, before we get to, before we get too far into that, we need to, um, focus, or at least address the fact that we're here today on an appeal by the appellants. Um, Mr. Thomas L. has, at least in this case, filed what would be considered non-frivolous litigation. Um, the frivolous litigation in this case seems to be an allegation, a notation, not just an allegation, because he has been found to be... I thought you were an, I thought you were an appellee. I am the appellee. Why are you talking about, we're here as an appellant? They're here as an appellant. Oh, okay. So, sorry, Your Honor, they're here as an appellant, and Mr., Mr. Thomas L. is being accused of being a frivolous filer, wherein they have appealed Judge Limbaugh's decision, um, that, that Mr. Thomas L. was not being a frivolous filer in that case. What do they put it, I think, quite properly in terms of clearly established problems? What is there, what is there that shows, that, that says in, in these conditions of confinement cases, very few of them being a circuit precedent, uh, that, that says this kind of an idle, idle pay, or whatever you want to call this joint use program. I, I don't think there, I don't think there is anything directly on point. I think the Blaise v. Fenn case addresses it, um, as my, as my opposing counsel said. I think, though, in this case, what we have to remember is that... Because Blaise is, is basically pre-clearly established jurisprudence. Yes, Your Honor, and I think Judge Limbaugh, in this case, when he was determining whether there was clearly established, uh, precedent here, he said very clearly that he reviewed the case law that was available, the precedent. He used his common sense, and he exercised his discretion based on the facts and law before him. Judge Limbaugh found that soap, in this case, was not a basic hygiene item, and that Applee was able to obtain soap under certain conditions. He said, no go, that's not an Eighth Amendment claim. But let's talk about this toothpaste, all right? Judge Limbaugh, in his discretion, distinguished the two, uh, and, and deodorant. But for the purposes of... But only, only in a, a serious medical needs analysis that I think is, is quite persuasive or logical. He only did that one... He has to, he has to jump the analysis to serious medical needs, which is the, the health impact of the long-term deprivation of toothpaste. Mm-hmm. As to which you had some experts who, uh, I'm sure are, well, they're, they're expert, and the, the opinions sound logical. Yes, Your Honor. And in this case, Applee was pro se until I was, until counsel was appointed after, uh, summary judgment, uh, decisions by the district court. Um, so I was appointed pursuant to the CJA, uh, Act, um, on the 1983. I understand that. So there's no, no discovery was done whatsoever. I mean, minimal discovery was done with, without any counsel in this case. So in determining what Judge, the record before Judge Limbaugh, he determined that, um, there needed to be essentially meaningful external checks, um, and that the toothpaste was so basic an item that inmates are entitled to it whatever the prison policy may be with regards to indigency and that such is a denial to a constitutional violation. I agree with Your Honor. There's not a, there's not a ton of cases on point. In fact, I haven't found any cases directly on point. However, I would submit to this court that that is because this issue doesn't come up under these circumstances, um, wherein the prison has denied a refute, or, sorry, did not provide toothpaste to the, Applee, to the inmate, um, because they said he should have used his money that he got from the allowance system. Counsel wants to note that there was never, and this is agreed to by the parties, more than $2.20 in Thomas L.'s inmate commissary account. Um, he is not, um, someone who we're talking about having $50 for something and $20 for another something. This is a case where we're talking about cents and dollars. Um, and instead of foregoing access to the court, he will care for his teeth. Counsel does not submit that everyone in prison is mentally ill or makes the best choices. But a penal, but a penal, a penal policy or a jail policy to teach inmates how to use money, um, properly and to avoid, you know, expending unnecessary resources does violate the Eighth Amendment under these circumstances at least because Mr. Thomas L. spent his money on access to the court and the prison decided that that wasn't okay. And because of that, they weren't going to provide him with toothpaste because he should have, excuse me, Your Honor, sorry, because he should have used that on his toothpaste first. Counsel, you have to either allege that the policy is unconstitutional or that the allowance to inmates was insufficient to pay for both hygiene items and constitutionally protected court access. Counsel will submit that the record in this case, um, is sufficient for that based on the pro se status of Mr. Thomas L. and the court's finding in terms of, um, in terms of... As I understood the pleadings, he's just saying I'm entitled to toothpaste regardless of how I spend my money. And that is, in fact, what Judge Limbaugh effectively found. I'm entitled to toothpaste regardless of how I spend my money. And that is there's no meaningful check here on the prison's conduct. Because we're able to say those things, no one ever gets to look at, well, how is the prison, well, we're looking at it now, but how is the prison determining whether that allowance is sufficient, whether it's reasonable, whether it's being used on postage, whether the postage has changed, whether, I mean, there's a number of things that go into the... That could be alleged, but I don't know that he's alleged that the prison system unreasonably decides what's necessary litigation and what isn't necessary. I think it was implied. Are you arguing essentially that this is a pro se complaint, that it's pled sufficiently, that one treats it as one would treat a pro se complaint, drawing from reasonable inferences and some understanding what a counsel plea would look like, and that whatever it is, it meets the bare bones that's necessary, which is essentially what Judge Limbaugh did. And I can buy that. Is that your argument? Yes, Your Honor. Now, then you move beyond that, and I hate to keep coming back to this, but if we talk about the clearly established prong, because that is in fact what the State of Missouri... You know, they haven't really stood up here and claimed the pleadings are inadequate. They haven't stood up here and said, by the way, there's no possible constitutional violation. What they've said is that it's asserted at too high a level of generality, that Judge Limbaugh decided it at too high a level of generality. And by the way, if you get the clearly established, have you looked at what Judge Limbaugh said was clearly established? Well, he cites to a couple of district court cases. He cites to an unpublished Eighth Circuit case, which, of course, has no precedential authority. He has a nice quote that he pulls out of Jones versus Goddard from 2019 that basically says exactly what he'd like to have be the clearly established law of the circuit, but it is a district court opinion. And then he cites to a 1986 Fifth Circuit case. And, you know, he says all of that leads us to find that it's clearly established. And the question I've got is that, is that consistent with our general interpretation of what we consider for clearly established, bearing in mind that the Supreme Court seems to tell us that they think you need a Supreme Court opinion to tell you that something's clearly established? Initially, as an initial response, Your Honor, we don't have an Eighth Circuit opinion, and we don't have a Supreme Court opinion, but that doesn't mean we could. And I understand that moving forward, that would be looked at for clearly established law. So I do want to state that that is something we don't have, but that is essentially something that had Mr. Thomas L. not been able to bring this litigation, we wouldn't be reaching even this issue, which goes to his access to the courts. Now, addressing your question more specifically, the State or the appellee has the appellant, excuse me, the appellant has conceded that toothpaste is a necessary hygiene item. There is no dispute, any, that counsel has been able to find, that the Eighth Amendment obliges correctional officers, I'm sorry, that there is no dispute that the Eighth Amendment requires correctional officers to provide for prisoners basic needs. The State is duty-bound to provide people in custody with the minimalized, civilized, minimal civilized measure of life's necessities. In this case, as the appellant has stated, both parties are in agreement that toothpaste is a necessary hygiene item. So their claim that that's at too high a level of generality at this point, they've actually conceded when they said that it's constitutionally required. Yes, Your Honor. In fact, the claim is so, as Judge Limbaugh said, based on other things, but in addition to common sense looking at the law in front of us, that absolutely the State should have known that by denying a basic hygiene product to take care of basic hygiene need, that they were violating a clearly established law, that the Eighth Amendment requires them to provide that, where it is an infliction of cruel and unusual punishment under our Constitution. And so bearing in mind that we're stepping back from the specific toothpaste inmate situation, we are looking at that it's a basic hygiene item that's needed. Not like soap in this case, but like toothpaste. And the appellant... But you don't want to say soap because the judge said that just smelling bad because you don't have deodorant soap doesn't count. Correct. But Judge Limbaugh made a decision there. I think he made an important distinction that this is a basic hygiene need that is necessary. It is not something like slippers or hair gel or face cream. I think we mentioned face cream. It is toothpaste. And being deprived of that for four or five months, depending on the math you do or the briefs that you follow, is a constitutional violation. Is he really being deprived or is it just because he chose to spend his money on frivolous litigation? Again, Your Honor, I think that... Well, I agree that if he's being deprived of toothpaste, that you probably have a clearly established constitutional right. The policy that the prison has would be unconstitutional because it is depriving him of a basic hygiene need or access to the courts. Really, we don't know, which is leaving him in prison. The effect of that is leaving him in prison and hoping the prison do what they're supposed to do. And we're here today to ask the courts... But if it's access to the courts, he has to prove more than just, I don't have enough money to pursue all the cases I want to pursue. Yes, Your Honor. In fact, that is, I guess, when we come back down to the Myers cases, he went this other way, right? He got his access to the courts but didn't get his toothpaste. And I think that the fact that we're up here talking about... I think Thomas L. just shows, while he's a frequent filer, he's also a very clever filer. He decided, well, I can't show any deprivation of anything, so I'll just spend the money on the lawsuits and make the prison give me the toothpaste and hopefully the soap. I mean, again, Your Honor, that would be an inference you'd be drawing from the record. I don't know Mr. Thomas L. I've never met him in person. Well, but I think it's... No, but it's relevant to the clearly established analysis. Yes, Your Honor. And that goes back to the policy of the prison. And like Judge Limbaugh said, whatever the policy, you're entitled to toothpaste. And in this case, specifically, I think it goes to show that, even though he may have been a frivolous filer, that's a red herring in this case. This case was not frivolous. And he's bringing this case... There are also times when soap is as... The lack of soap would have the same kind of adverse health impact on your health as the lack of toothpaste can long-term. Well, I think in this case... I don't understand how you sort out one from the other. Well, I think in this case, specifically, it was a fact-sensitive analysis because he was actually able to get a little bit of soap on a weekly basis, just not as much as he would have liked. And maybe there was some borrowing of the soap. But there's additional information as to why he wasn't actually deprived of soap. The toothpaste was a non-starter in terms of that because he actually had to get care from the Department of Corrections to remedy what went on in his mouth because he wasn't provided with toothpaste. And that is also undisputed. So I think... I'm out of time, so I apologize. Thank you. I know you're responding to questions. You can certainly finish your response. The issue here is that I think the clearly established prong that we've been talking about, I think, is found in the Eighth Amendment and is found in the duty of the state to provide basic hygiene items to the inmate. I think if the conversation is about what is a reasonable allowance, how that allowance should be spent, whether the prison is allowed to dictate what's frivolous and what's not as it's going on, because I don't know how the prison would be able to say, well, yeah, that postage is necessary on that case. That's quite the power to give to a prison official or an authority to say, to flag in their computer, no more for you, we've decided that postage wasn't worth it. And I think that that is where we leave Mr. Thomas L. Clever, as he may or may not be, is, well, I did this. They said, I guess it was frivolous. We don't know why, but at the end of the day, he still didn't get his toothpaste. And that is, in fact, not disputed at all. You phrase the issue differently than I would. I would say that a prison can sensibly say, we have had experts testify how much should reasonably be made available for hygiene. And we've concluded it's this much. Now, we could give you this much and stuff in terms of soap, but we're here to help you rehabilitate to be a self-serving member of society, and we're going to let you make that decision. You get this much money, which our experts have determined is reasonable in total, and it's your decision. And I don't think that's what happened here, but I don't think that would be bad prison policy or unconstitutional. No, that would be grounded in reason and facts that we don't have here in this case.  Thank you, Your Honor. Thank you, Your Honors. Is there a rebuttal time? His time had expired, Your Honor. I think we understand the case, and it's been helpfully argued and, well, fairly brief. We'll take it under advisement.